UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

AQUATIC POOLS, INC.,                                                    No. 15-11406 t11

    Debtor.

## MEMORANDUM OPINION

Before the Court is the Debtor's motion for partial summary judgment on its objection to the claim of creditor Carol Ann Sanchez. Debtor seeks to establish that Creditor's wage claim is not entitled to priority status under 11 U.S.C. § 507(a)(4)(A).[1] Based on the undisputed date of Creditor's separation from the Debtor, the Court will grant the motion.

### I. FACTS

The Court finds that the following facts are not in genuine dispute:[2]

Creditor performed accounting and related services for the Debtor between about June and October 2014. Because of a dispute over reimbursement of Creditor's expenses, her services terminated no later than November 1, 2014.[3] Creditor performed no services for the Debtor after that date. Creditor asserts any wages or contract proceeds were to be paid no later than January 2015. A dispute exists about the timing of the payment due date. Creditor's assertion appeared in

---

[1] Unless otherwise indicated, all statutory references are to 11 U.S.C.

[2] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), affirmed, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

[3] For purposes of this opinion, "separation" and "termination" refer to the end of the employment relationship. Whether Creditor resigned or was fired is not relevant to this dispute.

her affidavit, but not in any statement of undisputed facts. Further, as Debtor points out in its reply, "no later than January 2015" could mean the wages or contract proceeds were payable as early as November 2014, outside the 180 day period.

Debtor filed a voluntary Chapter 11 petition on May 28, 2015, 208 days after Creditor's termination. On December 1, 2015, Creditor filed a proof of claim in the amount of $40,000. The stated basis of the claim was "unpaid wages." Creditor claimed that the entire $40,000 was entitled to priority under § 507(a)(4).

Debtor objected to the claim on February 18, 2016. The grounds for the objection included:

- The claim was filed late;
- The claim overstates the amount of unpaid wages;
- The claim is not entitled to priority because Creditor was an independent contractor, not an employee; and
- The claim is not entitled to priority because the claimed amount was not earned within 180 days of the petition date.

On April 26, 2016 Debtor filed a motion for partial summary judgment on the issue of priority status. The issue has been fully briefed and is ready for determination.

II.     DISCUSSION

A.     Summary Judgment Standards.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the … court of the basis for its motion, and … [must] demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials…, but must set forth specific facts showing that there is a genuine issue for trial." *Wilson v. Village of Los Lunas,* 572 Fed. Appx. 635, 640 (10th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248). If a party fails to properly address another party's assertion of facts, "the facts are considered undisputed." *Id.* (citing Fed. R. Civ. P. 56(e)(2)).

B.  §507(a)(4) Priority Wage Claims.

Section 507(a)(4) gives fourth priority status to:

> allowed unsecured claims, but only to the extent of $12,475 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for— (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual….

11 U.S.C. § 507(a)(4)(A).

Debtor argues Creditor's claim is not entitled to priority because she was an independent contractor, not an "employee" who earned wages, and also that any amounts due, whether wages or contract payments, were earned outside the 180-day priority period. The Court need not rule on the first argument, but will address the second.

Section 507(a)(4) makes clear that any "wages, salaries, or commissions" must have been

*earned* within 180 days prior to the petition date. *Id.* (emphasis added). Courts have uniformly held that wages are "earned" when the services are provided, and "no later than the termination of the individual's employment." *Belson v. Olson Rug Co.*, 483 B.R. 660, 664 (N.D. Ill. 2012) (collecting cases). *See also Powers v. Centennial Communications Corp.*, 679 F. Supp. 2d 918, 926 (N.D. Ind. 2009) (commissions where earned when the services were provided); *In re Hudson Healthcare, Inc.*, 2012 WL 4088866 (Bankr. D.N.J.) (benefits were earned when the employee had a right to payment/use); *In re Ionosphere Clubs, Inc.*, 154 B.R. 623, 626 (S.D.N.Y. 1993) ("pay is 'earned' within the meaning of § 507 as work is done"); *In re Northwest Engineering Co.*, 863 F.2d 1313 (7th Cir.1988) (same).[4]

Even if Creditor's wages or contract proceeds were payable within the 180 period, as she asserts, this does not change the result. Wages are not "earned when the employer finally acknowledge[s] its obligation to pay the wage." *In re Idearc, Inc.*, 442 B.R. 513 (Bankr. N.D. Tex. 2010). If the right to wages arises at "a particular point in time but payment is deferred until a later date, the salary is earned when the right to receive payment occurred." 4 Collier on Bankruptcy ¶ 507.06[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010)). *See also* 3 Norton Bankr. L. & Prac. 3d § 49:45 (2010) ("Employee[s] earns wages within the meaning of … § 507(a)(4) at the time that the services are performed, rather than at the time that the right to payment vests."); *In re Cardinal Indus., Inc.*, 160 B.R. 327, 329 (Bankr. S.D. Ohio 1993) ("the time of payment" should not be the focus of § 507; "[r]ather, the focus should be upon the time

---

[4] *See also In re Thomaston Mills, Inc.*, 329 B.R. 780, 783 (Bankr. M.D. Ga. 2005) (severance payment owed to employee prior to the priority period of § 507(a)(3), now § 507(a)(4), was "earned" upon termination and was not entitled to priority status); *Matson v. Alarcon,* 651 F.3d 404 (4th Cir. 2011) (employees "earned" full amount of their severance compensation on the date they became entitled to receive it); *In re Ellipsat, Inc.,* 480 B.R. 1, 10 (Bankr. D.D.C. 2012) (severance pay is earned no later than the date of termination); *In re Gen. Info. Servs., Inc.*, 68 B.R. 419, 421 (Bankr. E.D. Pa. 1986) (same).

the individual performed the service...."); *In re Eutsler*, 2012 WL 27499, *2 (Bankr. W.D.N.C. 2012) ("The fact that the bonus might not have been approved for payment until later does not alter the time when it was 'earned.'").

Collier on Bankruptcy gives the following examples to illustrate this rule:

If a bonus is awarded in December, but not payable until the following March, the bonus was earned in December. If a commission was earned for sales during the month of December, but is not payable to an independent contractor until the following March, it likewise was earned in December.

4 Collier on Bankruptcy ¶ 507.06[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010)).

Based on the foregoing, the Court concludes Creditor "earned" any wages or contract payables from the Debtor on or before November 1, 2014, 208 days before the petition date. The fact that the amounts may have been payable in January 2015 and apparently were never paid makes no difference to the outcome. No wages or contract proceeds earned by Creditor are entitled to priority status.

The Court also notes that Creditor asserted a priority wage claim in the amount of $40,000, more than three times the statutory cap of $12,475. *See* § 507(a)(4) (allowing qualified wage claims, "but only to the extent of $12,475 for each individual…"). Even if the wages/contract payables had been earned within the 180-day window, the priority claim would be limited to $12,475.

### III. CONCLUSION

Creditor's claim is not entitled to priority status under § 507(a)(4) because the debt arose more than 180 days pre-petition. Debtor's motion for summary judgment on the priority issue will be granted. The Court will enter a separate order consistent with this memorandum opinion.

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: May 27, 2016

Copies to:

Nephi Hardman
6709 Academy NE, Ste. A
Albuquerque, NM 87109

James T. Burns
1801-B Rio Grande Blvd NW
Albuquerque, NM 87104

-6-
Case 15-11406-t11    Doc 131    Filed 05/27/16    Entered 05/27/16 14:10:05 Page 6 of 6