UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

AQUATIC POOLS, INC.,                                                      No. 15-11406 t11

     Debtor.

## OPINION

Before the Court is the reorganized debtor's motion for a summary judgment avoiding the Internal Revenue Service's tax liens to the extent they secure penalties that accrued after the lien notices were filed. The facts are not in dispute. After reviewing the statutes and case law, the Court rules that the tax liens are valid and non-avoidable. The Court therefore will deny the motion and grant the IRS summary judgment on this issue.

### I.    FACTS

The following facts are not in genuine dispute:[1]

Debtor has been in business since 1983, installing swimming pools in New Mexico and neighboring states. Debtor has no real estate but owns construction equipment, vehicles, and other personal property. Debtor's principal place of business is in Rio Rancho, New Mexico.

The IRS filed the following Notices of Federal Tax Liens (together, the "Notices") relating to Debtor's unpaid taxes:[2]

---

[1] The Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), affirmed, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

[2] The original motion for summary judgment did not include copies of the Notices. On the Court's request, the Debtor supplemented the record to include the copies.

| Filing Date | Tax Period Ending on | Stated Amount Due |
|---|---|---|
| 9/5/06 | 12/31/04-12/31/05 | $163,408.88 |
| 12/19/08 | 6/30/08 | $ 17,310.64 |
| 9/20/10 | 12/31/07-3/31/10 | $ 52,944.09 |
| 7/25/12 | 8/1/11-3/31/12 | $ 1,411.51 |
| 12/22/14 | 3/31/14 | $ 5,533.02 |
| 2/3/15 | 6/30/14 | $ 38,543.21 |
| 3/2/15 | 9/30/14 | $ 33,314.27 |
| 4/15/15 | 6/30/05-9/30/05 | $ 6,937.43 |
| Total | | $319,403.05 |

Each notice was filed in Sandoval County, New Mexico, identified Debtor as the taxpayer, and properly listed Debtor's Rio Rancho, New Mexico address. Each Notice included the following:

> [W]e are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, *additional penalties, interest, and costs that may accrue*.

(emphasis added).

Debtor filed a voluntary Chapter 11 petition on May 28, 2015. The Court confirmed Debtor's plan of reorganization on December 18, 2015.

The IRS timely filed a proof of claim in this case for $377,975.48,[3] which includes a secured claim of $167,640.06. The secured claim consists of $77,160.19 in taxes, $81,600.67 in pre-petition penalties,[4] and $8,879.20 in pre-petition interest.

Debtor objected to the proof of claim on a number of grounds. The sole remaining issue

---

[3] The IRS filed an initial proof of claim on July 2, 2015. It has amended the claim four times, most recently on April 22, 2016. This opinion addresses the latest amended proof of claim.
[4] While it is not clear whether some of the penalties accrued before the Notices were filed, this uncertainty does not affect the outcome.

is whether the IRS's secured claim includes pre-petition penalties that accrued after the Notices were filed.

## II. DISCUSSION

### A. Summary Judgment Standards.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the … court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 1997).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials…, but must set forth specific facts showing that there is a genuine issue for trial." *Wilson v. Village of Los Lunas,* 572 Fed. Appx. 635, 640 (10th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248). If a party fails to properly address another party's assertion of facts, "the facts are considered undisputed." *Id.* (citing Fed. R. Civ. P. 56(e)(2)); *see also Reed v. Bennett,* 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("Even if the non-moving party does not file a response, the

-3-
Case 15-11406-t11    Doc 166    Filed 02/08/17    Entered 02/08/17 17:22:59 Page 3 of 11

Court must satisfy itself that the movant's properly supported facts entitle the movant to judgment as a matter of law before the Court will grant summary judgment.").

"After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant . . . ." Fed. R. Civ. P. 56(f)(1). At a status conference, the parties represented that they sought to have this matter resolved by summary judgment, rather than go to final hearing.

B.  Lien Avoidance.

Debtor admits the Notices were properly filed in the correct county, thereby perfecting the IRS's lien for the amounts stated in the Notices. Debtor argues, however, that penalties accruing after the filing date were never properly perfected and may be avoided under 11 U.S.C. § 544.

1. Section 544 avoidance powers. Under 11 U.S.C. § 544:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
> (3) a bona fide purchase of real property, other than fixtures, from the debtor, aginst whom applicable law permits such transfer to be perfected that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

"The so-called 'strong arm' powers of § 544(a)(1) grant the trustee the status of a hypothetical lien creditor once the bankruptcy petition has been filed." *In re Hicks*, 491 F.3d 1136, 1140 (10th Cir. 2007). In *LMS Holding Co. v. Core-Mark Mid-Continent, Inc.*, 50 F.3d 1520 (10th

Cir. 1995), the Tenth Circuit stated that "Pursuant to 11 U.S.C. § 544(a)(1), a debtor-in-possession…may assert the rights of a hypothetical lien creditor once it files a bankruptcy petition." 50 F.3d at 1523. "Congress afforded trustees the power to avoid any transfer or obligation that a hypothetical creditor with an unsatisfied judicial lien on the debtor's property could avoid under relevant…nonbankruptcy law." *In re Haberman*, 516 F.3d 1207, 1210 (10th Cir. 2008).

Using § 544(a), a chapter 11 debtor in possession can generally take priority over, and avoid, liens that are unperfected as of the date of the bankruptcy petition. *See In re Roser*, 613 F.3d 1240, 1243 (10th Cir. 2010) ("He can avoid any lien inferior to his interest in an asset of the bankruptcy estate"); *In re HDI Partners*, 202 B.R. 524, 528 (Bankr. S.D. Fla. 1996) (same).

      2.    <u>Section 545 Lien Avoidance</u>. Debtor's motion is based on § 544(a). There is some question whether § 544(a) can be used to avoid statutory liens. *See, e.g.*, *In re Green Pastures Christian Ministries, Inc.,* 437 B.R. 465, 471 (Bankr. N.D. Ga. 2010) ("[S]ection 544 provides no ground or basis for avoiding a federal tax lien that is not provided under section 545(2) . . . . [i]ndeed, it could be argued that '§ 545 is the exclusive avoidance provision for statutory liens....'") (internal citations omitted); *Ducote v. United States (Matter of de la Vergne)*, 156 B.R. 773, 775 (Bankr. E.D. La. 1993) (section 545, rather than §544, is applicable to statutory liens). Section 545 provides:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>> . . .
>
>> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists, except in any case in which a purchaser is a purchaser described in section

6323 of the Internal Revenue Code of 1986, or in any other similar provision of State or local law.[5]

The Tenth Circuit has ruled that § 544 may be used to avoid statutory liens. *See In re LMS Holding Co.*, 50 F.3d at 1527, n. 2 ("In their summary judgment motion debtors relied on 11 U.S.C. § 544; the bankruptcy and district courts also applied § 544. While we believe that the more specific provision for avoidance of statutory liens under § 545 is applicable here, either section provides the same avoidance power.").

The Court will assume for the purposes of this opinion that Debtor is proceeding under both §§ 544 and 545, and has the right under one or both of those sections to avoid unperfected federal tax liens on personal property.

      3.      <u>Federal Tax Liens</u>.

           a.      <u>Attachment</u>. 26 U.S.C. § 6321 governs the creation of a federal tax lien:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

"A tax lien in favor of the United States arises by operation of law if a person is unable to pay a tax liability after demand for payment is made. The lien attaches to all real and personal property

---

[5] The "except in any case . . ." language at the end of § 545(2) was added in 2005. It is very difficult to understand. One court has held the amendment rendered a trustee powerless to avoid unperfected federal tax liens. *In re Krummel*, 427 B.R. 711, 714 (Bankr. W.D. Ark. 2010). The Court dislikes this interpretation of § 545(2), as it nullifies a long-standing, undisputed trustee avoidance power. *See* Scalia & Garner, Reading Law, p. 62 (Fundamental Principle #4, Presumption Against Ineffectiveness: A textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored). The Court favors the interpretation that the trustee is merely prevented from avoiding certain *perfected* tax liens. *See In re Walter*, 45 F.3d 1023 (6th Cir. 1995) (holding that debtor in possession may not avoid perfected tax liens under I.R.C. § 6323(b)); *In re Berg*, 121 F.3d 535, 537 (9th Cir. 1997) (same).

of the taxpayer. Moreover, this statutory lien is perfected against a taxpayer without the necessity of filing a Notice of Federal Tax Lien." *In re Berg*, 188 B.R. 615, 618 (9th Cir. BAP 1995), *aff'd*, 121 F.3d 535 (9th Cir. 1997) (internal citations omitted).

        b.      <u>Perfection</u>. 26 U.S.C. § 6323(a) governs the perfection of federal tax liens as to certain third parties. It provides:

> The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

A federal tax lien is perfected as to certain third parties when the notice is filed. *United States v. Ultra Dimensions*, 803 F. Supp. 2d 596, 599–600 (E.D. Tex. 2011). "Congress has determined in enacting 26 U.S.C. § 6323(a) that, once a notice of the federal tax lien has been filed under 26 U.S.C. § 6323(f), the IRS tax lien shall have priority over the subsequent lien of a competing judgment lien holder..." *United States v. Hopkins*, 927 F. Supp. 2d 1120, 1165–66 (D.N.M. 2013). It is undisputed that the Notices were properly filed pre-petition.

        c.      <u>Avoidance governed by federal law</u>. The rights of a judicial lien creditor over federal tax liens is determined by federal law. *See In re Berg*, 121 F.3d at 537 ("As the liens are created by federal law, the validity, durability, and qualified exceptions thereto are also determined by federal law. We have no occasion to look to the law of a particular state on bona fide purchasers (BFPs) or holders in due course. Federal law alone is decisive."); *In re Tracey*, 394 B.R. 635, 640 (1st Cir. BAP 2008) (same).

    4.    <u>Lien perfection extends to penalties accruing after the Notices were filed</u>. A filed federal tax lien secures penalties and interest accruing thereafter. *See* 26 U.S.C. § 6321 ("the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien"). Courts have

-7-
Case 15-11406-t11    Doc 166    Filed 02/08/17    Entered 02/08/17 17:22:59 Page 7 of 11

uniformly so held. *See In re Wesley*, 455 B.R. 383, 385 (Bankr. D.N.J. 2011) ("It is clear from a plain reading of the statuary language that Congress intended for federal tax liens to include amounts in excess of the actual unpaid tax by including the phrase 'any interest, additional amount, addition to tax, or assessable penalty" in the wording of the statute."); *In re Demarah*, 62 F.3d 1248, 1251-52 (9th Cir. 1995) ("[t]he whole amount owed is covered by the lien… the internal revenue code [does not] distinguish between the tax and any penalty or interest when it provides for the imposition of the liens"); *United States v. Rogers*, 558 F. Supp. 2d 774, 791 (N.D. Ohio 2008) ("The amount of the lien under § 6321 extends to accruals beyond the date of assessment."); *In re Malke*, 2005 WL 1670722, at *2 (Bankr. M.D. Fla.) ("[A] notice is simply what it says – notice of the lien and the obligation it arises from in the amount owed at that time.").

Moreover, the entire lien, including accruing penalties and interest, is perfected when the notice is filed. I.R.C. § 6323(a) ("*The lien imposed by section 6321* shall not be valid as against any … judgment lien creditor until notice thereof which meets the requirement of subsection (f) has been filed by the Secretary") (emphasis added).

In *In re Ike Martin Co., Inc.*, 49 B.R. 13 (Bankr. D. Kan. 1985), the Kansas bankruptcy court addressed the relative priority of penalties on a perfected federal tax lien and a later judgment lien creditor. The court held that the after-accruing penalties took priority over a judgment lien creditor, 49 B.R. at 16, and that once a lien is perfected by filing the notice, the perfection includes after-accruing penalties and interest.

Debtor argues that a bona fide purchaser[6] could buy Debtor's property without knowing it was encumbered with a tax lien securing after-accruing penalties. The argument lacks merit

---

[6] Section 544(a)(3)'s rules about bona fide purchasers do not apply in this case because § 544(a)(3) deals with real property, not personal property. Debtor does not own any real property. The tax liens at issue in this case attached solely to personal property.

because each Notice contains the language quoted above, i.e. that the lien includes "additional penalties, interests and costs that may accrue."  Potential buyers therefore are on notice that the lien secured penalties and interest accruing after the filing date.  *See Peterson v. U.S.*, 511 F. Supp. 250, 257 (D. Utah. 1981) ("The filing of the first notice of federal tax lien [gives] legal notice of the lien and [puts] on inquiry as to its continuously accumulating amount."); *In re Ike Martin Co.* 49 B.R. at 16 ("The form used by the IRS to file the notice alerts the public that the taxpayer remains liable for 'additional penalties, interest, and costs that may accrue.'  Thus, the accrual of interest, penalties and additional taxes is not frozen at the date of filing the notice of federal tax lien.").  *See also In re Hill*, 166 B.R. 444, 445–46 (Bankr. D.N.M. 1993) ("The object of the notice of tax lien is to give constructive notice to mortgagees, pledgees, purchasers, and other potential creditors."); *United States v. Sirico,* 247 F. Supp. 421, 422 (S.D.N.Y. 1965) ("The essential purpose of the filing of the lien is to give constructive notice of its existence.  The test is … whether there is substantial compliance sufficient to give constructive notice and alert one of the government's claim.").

A notice of federal tax lien need not be updated with the continuously accruing penalties and interest.  *In re Malke*, 2005 WL 1670722, at *2 (Bankr. M.D. Fla.) ("[I]t is obvious any notice of a tax lien will only be able to provide a snapshot of the amounts due and owing under this provision on that date…a notice is simply what it says—notice of the lien and the obligation it arises from in the amount owed at that time."); *Home Sav. & Loan Co. of Youngstown OH v. Acme Arsena Co.*, 2010 WL 148087, at *3 (N.D. Ohio 2010).

In general, § 544 cannot be used to avoid liens for which there is record or constructive notice.  *See* 5 *Collier on Bankruptcy*, ¶ 544.02[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  A buyer of Debtor's property would have notice of after-accruing penalties or interest.  *See,*

*e.g., In re Hudgins*, 967 F.2d 973, 976 (4th Cir. 1992) ("It is hornbook law that every purchaser is expected to search for recorded encumbrances on the property; that is, he is held to have constructive knowledge of recorded liens. Thus, the validity of a tax lien in bankruptcy must depend on the constructive notice that the lien would give a purchaser."); *In re Borges*, 510 B.R. 306, 323 (10th B.A.P. 2014) ("Notice to a person which will preclude BFP status may … be constructive. Constructive notice includes both record notice, such as that provided by the recording acts, and inquiry notice, arising from facts as ought to put a prudent person upon inquiry as to the title.") (analyzing New Mexico law). Moreover, the Internal Revenue Code and associated regulations provide a way to determine how much is owed in penalties and interest.[7]

### C. Due Process.

Debtor argues that if after-accruing penalties were secured by the tax lien, a "hypothetical" bona fide purchaser's due process rights would be violated because they might buy encumbered property without knowledge of the accruing penalties.

---

[7] *See* 26 C.F.R. § 301.6323(i)(c): "[T]he amount of the outstanding obligation secured by the lien remaining unpaid at the time of an inquiry is authorized to be disclosed to any person who has a proper interest in determining this amount. Any person who has a right in the property or intends to obtain a right in the property by purchase or otherwise will, upon presentation by him of satisfactory evidence be considered to have a proper interest. Any person desiring this information may make his request to the office of the Internal Revenue Service named on the notice of lien with respect to which the request is made. The request should clearly describe the property subject to the lien, identify the applicable lien, and give the reasons for requesting the information."

Assuming without deciding that a hypothetical bona fide purchaser has due process rights could be violated, there would be no such violation here. Such a buyer would have actual or constructive notice that the IRS tax liens secure penalties accruing after the Notices were filed.[8]

### III.  CONCLUSION

The IRS's claim is perfected as to penalties accruing after the Notices were filed, so Debtor may not avoid the penalties under § 544. The Court will deny Debtor's motion for summary judgment, and grant summary judgment on this issue in favor of the IRS. The Court will enter a separate order consistent with this opinion.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered:  February 8, 2017

Copies to:

Nephi Hardman
6709 Academy NE, Ste. A
Albuquerque, NM  87109

Manuel Lucero
P.O. Box 607
Albuquerque, NM  87103

---

[8] For further discussion of the due process aspects of federal tax liens, *see generally Morris v. United States*, 889 F. Supp. 2d 1010, 1011 (N.D. Ohio 2012), *vacated*, 540 F. App'x 477, 479 (6th Cir. 2013) (due process does not require hearing before imposing a tax lien. "This argument is clearly foreclosed by nearly 100 years of precedent holding that the "pay first, sue later" principle embodied in the Internal Revenue Code is constitutional."); and *Reardon v. United States*, 947 F.2d 1509, 1523 (1st Cir. 1991) ("There is one situation, the federal tax lien, where the government's financial well-being may justify the draconian deprivation of its citizens' property [without notice or hearing].... The tax lien is a law unto itself, and arises from administrative necessity (as well as direct constitutional authority, see U.S. Const. art. I, § 8) not present here.").