UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

AQUATIC POOLS, INC.,  No. 15-11406 t11

　　　Debtor.

## **MEMORANDUM OPINION**

Before the Court is the reorganized debtor's motion to set aside, pursuant to Fed. R. Civ. P. 60(b)(4) and (6),[1] an order approving the fee application of its bankruptcy counsel. This chapter 11 case was filed almost immediately after the debtor's first case was dismissed for failure to maintain adequate insurance. The same counsel represented the debtor in both cases, and was owed about $18,000 in unpaid fees from the first case. The fee order at issue allowed the unpaid fees from the first case as an administrative expense in this case. The debtor is correct that, had an objection been raised, the Court likely would not have allowed the fees from the first case in such a manner. Indeed, the Court might not have permitted counsel to represent the debtor in this case at all, without a waiver of the fee claim. However, no objections were filed, either to counsel's employment or to its fee application. As a result, counsel's employment was approved, and the disputed fee order was entered.

For the reasons set forth below, the Court concludes that there are insufficient grounds to set aside the fee order. However, the Court notes that entry of the fee order should not have any preclusive effect on the claims the debtor indicates it may wish to assert.

---

[1] For purposes of this opinion, "Rules" refer to the Federal Rules of Civil Procedure and "Bankruptcy Rules" refer to the Federal Rules of Bankruptcy Procedure. Rule 60 is made applicable to contested matters such as this one by Bankruptcy Rule 9024.

## I. FACTS

The Court finds the following facts from the briefs and supporting documents submitted by the parties,[2] and from the dockets of the two cases:[3]

In November 2012, Aquatic Pools, Inc. ("Debtor") consulted with William F. Davis & Associates, P.C. ("Counsel") about a possible bankruptcy filing. Debtor decided not to file a case at that time. Debtor returned to Counsel in February 2015, however, and Counsel again began work on a bankruptcy filing. On March 6, 2015, Counsel commenced a chapter 11 case on Debtor's behalf. On the petition date, Debtor did not have adequate insurance coverage for its vehicles and business operations.[4] After becoming aware of the insurance deficiencies, the United States Trustee's Office filed a motion to dismiss the case. Debtor tried but failed to obtain the requisite coverage, and ultimately agreed to dismiss the case on May 4, 2015. Debtor's first case lasted less than two months.

On May 30, 2015, Debtor filed this case, after obtaining sufficient insurance coverage. Debtor again sought to employ Counsel. The new employment application did not mention unpaid fees from the first case. Counsel's new Rule 2014 statement, on the other hand, clearly disclosed the unpaid balance:

> Upon the Dismissal [of the first case] Debtor owed William F. Davis & Assoc.,

---

[2] The parties waived an evidentiary hearing, and asked the Court to rule based on the papers submitted. The Court finds and concludes that there is a sufficient undisputed evidentiary record to allow such a ruling.

[3] The Court took judicial notice of the docket in this bankruptcy case and in the prior Aquatic Pools, Inc. case, no. 15-10539. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket").

[4] There is a heated dispute about who is to blame for Debtor's insurance woes. Debtor claims that Counsel advised not to pay its current broker/carriers, Mountain States and New Mexico Mutual, but to find new carriers. Counsel counters that Debtor's insurance had lapsed by the time Counsel was retained, and that Debtor's insurance problems were of its own making.

P.C. the amount of $23,232.23. On May 14, 2015 Aquatic Pools, Inc. made a payment to William F. Davis & Assoc., P.C. in the amount of $5,000, leaving an unpaid balance of $18,232.23.[5] Billing and payment information for services rendered in the prior bankruptcy is available upon request.[6]

The Rule 2014 statement did not state or imply that Counsel waived the unpaid fee claim. No one objected to the employment application, and on June 30, 2015, the Court granted it.

This second case, a small business case, moved toward confirmation fairly quickly. Debtor filed a plan of reorganization and disclosure statement on October 30, 2015. The plan was confirmed on December 18, 2015, with the agreement of the only objecting party.

After some minimal post-confirmation work, Counsel filed its first and final fee application on February 9, 2016.[7] The fee application was served electronically on counsel who had appeared in the case, but not on Debtor or its officers. The fee application was not mailed to anyone. In the application, Counsel asked the Court to allow the $18,382 as an administrative expense in this case:

> Prior to the commencement of the above-captioned bankruptcy proceeding, Debtor filed a voluntary petition for chapter 11 bankruptcy on March 6, 2015, in case numbered 15-10539-t11 (the "First Bankruptcy"). Attorneys represented Debtor in the First Bankruptcy, and the Court approved Debtor's employment of Attorneys therein, effective as of the date of filing of the First Bankruptcy. . . . Due to a lapse of general liability and vehicle insurance, Debtor stipulated to the dismissal of the First Bankruptcy on April 30, 2015. . . . At the time of dismissal of the First Bankruptcy, Debtor anticipated that a subsequent bankruptcy would be necessary and planned on filing again. . . . Debtor retained Attorneys again to prepare and file the above-captioned bankruptcy, *with the understanding that the unpaid work performed in the First Bankruptcy would be included in the fees for which Attorneys would seek approval in this bankruptcy*.[8]

On February 9, 2016, Counsel filed and served a notice of the deadline to object to its fee

---

[5] This amount was later changed to $18,382.
[6] It does not appear that Counsel served the Rule 2014 statement on Debtor or its officers.
[7] The application was filed by "William F. Davis & Assoc., P.C. . . . as counsel for the Debtor in Possession," rather than by Debtor.
[8] Italics added. Debtor disputes this assertion.

-3-
Case 15-11406-t11    Doc 204    Filed 06/14/18    Entered 06/14/18 16:46:53 Page 3 of 13

application. The notice was less clear than the fee application about Counsel's request to have the $18,382 allowed as an administrative expense in this case. The most relevant language is:

> Allowing, as a Chapter 11 expense, the sum of $87,406.42 as follows:
> a. Compensation as follows for the First Bankruptcy Filing Period (March 6, 2015 through May 4, 2015):
>
> | | |
> |---|---|
> | Attorney and paralegal fees: | $24,111.50 |
> | Expenses: | $ 2,582.69 |
> | Tax: | $ 1,687.84 |
> | Total: | **$28,382.03** |
> | Payments received: | $10,000.00 |
> | UNPAID BALANCE | **$18,382.03** |
>
> b. Compensation as follows for the First and Final Application Period (May 28, 2015 through December 17, 2015):
>
> | | |
> |---|---|
> | Attorney and paralegal fees: | $53,306.00 |
> | Expenses: | $ 1,904.05 |
> | Tax: | $ 3,814.34 |
> | Total: | **$59,024.39** |
> | Payments received: | $25,398.82 |
> | UNPAID BALANCE | **$33,625.57** |

The notice was filed with the Court, served via the Court's CM/ECF electronic filing system, and mailed to the parties on the official mailing matrix in this case. Mail recipients included Debtor and Debtor's officers Ronald G. Yates and Glenn Yates.[9]

The United States Trustee's Office filed a limited objection to the fee application, relating to nonpayment of quarterly U.S. Trustee fees. No one else objected. The U.S. Trustee's objection was resolved, and on March 18, 2016, the Court entered a stipulated order approving the fee application. No hearing was held, no evidence was presented, and no arguments were made. The fee order did not result from litigation of any kind.

The bankruptcy case was closed on February 16, 2017, and a final decree was entered.

---

[9] Debtor contends that it never received the notice, and that it was not aware of the fee application. The Court finds that Debtor and the Yateses were mailed copies of the fee application notice, but were not mailed copies of the Rule 2014 statement, the fee application, or the fee order. Further, the address for Glenn Yates misspelled the town in Hawaii where he lives ("Keigi," instead of the correct "Kihei"). It appears, however, that mail addressed to Mr. Yates in Keigi, Hawaii, 96753 was delivered to him.

Counsel continued to work for Debtor, and to send bills for new charges and past due amounts.[10] The bills included the $18,382.

On June 12, 2017, Counsel applied to this Court for a writ of garnishment, in an effort to collect its unpaid fees. By then the attorney client relationship between Debtor and Counsel had broken down. Counsel also requested that the Court issue a transcript of judgment, which it did on October 13, 2017.

Debtor retained new attorneys to deal with the fee dispute. On December 8, 2017, Debtor and Counsel filed a motion to approve a compromise relating to Counsel's fee collection efforts. The Court granted the motion on January 10, 2018. Part of the compromise allowed Debtor to file the instant motion by February 1, 2017. The motion was timely filed.

Debtor alleges that Counsel did not advise it about the fee application, Debtor's right to object to the application, the advisability of retaining independent counsel, or the possible preclusive effects of an order approving the fee application. Counsel does not dispute these allegations, so the Court finds they are accurate.

## II. DISCUSSION

A. Rule 60(b)(4)

Debtor first asks for relief from the fee order under Rule 60(b)(4), which requires a court to grant relief from a final judgment, order, or proceeding if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "If voidness is found, relief is not a discretionary matter; it is mandatory." *V.T.A., Inc. v. AIRCO, Inc.*, 597 F.2d 220, 224 n. 8 (10th Cir. 1979). Rule 60(b)(4) motions do not have any particular time limit; "[A] void judgment acquires no validity as the result of laches on the part of the adverse party." *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257, 260 (10th Cir. 1971); *see also*

---

[10] 12 monthly bills dated after March 18, 2016, were attached to Counsel's brief in opposition to the Rule 60(b) motion. Each appears to include the $18,382 at issue.

*U.S. v. One Toshiba Color Television,* 213 F.3d 147, 157-58 (3rd Cir. 2000) (collecting cases). However, a judgment is not void merely because it is erroneous, and a Rule 60(b)(4) motion cannot be used in place of a timely appeal. *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270-71 (2010). "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *V.T.A.*, 597 F.2d at 225. In *West v. Champion*, the Tenth Circuit held:

> A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (internal quotation marks omitted). Under Rule 60(b)(4), a litigant was afforded due process if "fundamental procedural prerequisites-particularly, adequate notice and opportunity to be heard- were fully satisfied." *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). "[A] judgment is not void merely because it is erroneous." *Buck*, 281 F.3d at 1344 (internal quotation marks omitted).

363 F. App'x 660, 663 (10th Cir. 2010).

Here, the Court had subject matter jurisdiction to rule on Counsel's fee application. *See* 28 U.S.C. § 157(b)(2)(A); *see also In re Shelnut,* 577 B.R. 605, 606 (Bankr. S.D. Ga. 2017) (fee applications are core proceedings). Similarly, there is no dispute that the Court had, and continues to have, personal jurisdiction over Debtor and Counsel.

Debtor asserts that Counsel was not "disinterested," as required by § 327(a), and could not have been validly employed under that section. Debtor argues, therefore, that the Court's employment order was void, causing the fee order to be void as well. This argument is meritless for a number of reasons. First, the time to question Counsel's employment was in May 2015, not now. Any party with standing to complain about Counsel's employment[11] should have appealed the employment order. It is improper to use Rule 60(b)(4) to attack an order years after the fact, instead of filing a timely appeal. *Espinosa,* 559 U.S. at 270-71.

---

[11] It is not clear Debtor would have had standing to appeal the employment order, since it filed the employment application.

Second, § 330(a)(i) allows the Court to award compensation to professionals employed under § 327, whether or not the employment was "valid." *See In re Fish & Fisher, Inc.,* 574 B.R. 608, 614 (Bankr. S.D. Miss. 2017) (the only requirement is employment, not "valid" employment). There is no question that Counsel's employment was approved under § 327(a). Given that, the fee order was appropriately entered.

Third, § 328(c) gives the Court discretion to award fees even to professionals who are or become "interested." § 328(c); *see also Kravit, Gass & Weber, S.C. v Michel (In re Crivello),* 134 F.3rd 831, 836 (7th Cir. 1998) (under § 328(c), the bankruptcy court has discretion to award fees to a professional even if it is not disinterested); *In re Fish & Fisher*, 574 B.R. at 614 (citing and following *Crivello*); *In re Gira Polli of Mill Valley,* 2014 WL 6609610, at *2 (Bankr. N.D. Cal. 2014) (same). As the Court was within its authority to award fees to Counsel, the fee order is not void.

Finally, it is not clear that having a pre-petition claim for fees disqualifies an attorney from § 327(a) employment. *See In re Talsma,* 436 B.R. 908, 911-18 (Bankr. N.D. Tex. 2010) (construing § 327(a) and 1107(b) and concluding that a pre-petition claim for unpaid attorney fees is not a *per se* bar to § 327(a) employment); *In re Heatron, Inc.*, 5 B.R. 703, 705 (Bankr. W.D. Mo. 1980) (the fact that an attorney is a creditor holds less significance when his service to the estate would be a continuation of prior service to the debtor).

Debtor does not argue that its due process rights were violated, and the Court agrees. Counsel served notice of the fee application on Debtor at its regular business address, and also on Debtor's owners and officers, Glenn and Ronald Yates. The notice could have been clearer about the relief sought on the $18,382, but the Court finds that, given Debtor's knowledge of the timing of the two bankruptcy cases, the notice was adequate for due process purposes.

-7-
Case 15-11406-t11    Doc 204    Filed 06/14/18    Entered 06/14/18 16:46:53 Page 7 of 13

Further, the Rule 2014 statement, the fee application, and the fee order all were served on Counsel by electronic service. Such service constitutes service on Debtor for due process purposes. *See, e.g., Link v. Wabash Railroad Co.,* 370 U.S. 626, 634 (1962) (service of notice on counsel alone will satisfy due process); *Echevarria-Granza v. I.N.S.,* 1994 WL 143084, at *1 n. 3 (9th Cir. 1994) (citing and following *Link*); *U.S. ex rel. UXB Intern., Inc. v. 77 Insaat and Taahhut A.S.*, 2015 WL 4208753, at *3 (W.D. Va. 2015) (service on counsel of record comports with due process); *LG Elecs., Inc. v. Asko Appliances, Inc.,* 2009 WL 1811098, at *1 (D. Del. 2009) (listing cases holding service on counsel provides notice that is sufficient to comport with due process).[12] If Counsel did not send the documents to Debtor (the Court does not know), the failure could be grounds for complaint, but not on due process grounds.

Debtor's claim for relief under Rule 60(b)(4) fails to meet the narrow standards set forth under Tenth Circuit case law, and must be denied.

B.  Rule 60(b)(6)

Debtor also asks that the fee order be set aside under Rule 60(b)(6), which allows the Court to set aside judgments and final orders for "any other reason that justifies relief." Rule 60(b)(6) motions must be filed "within a reasonable time" after entry of the judgment or order at issue. Fed. R. Civ. P. 60(c)(1). Two years may be loo long. *See U.S. v. Cleaver*, 319 Fed. App'x 728, 731 (10th Cir. 2009) ("Because [claimant] waited two years to complain about his not getting to file a reply, even though he knew immediately that he had not gotten that opportunity . . . it does not appear that [claimant] raised his Rule 60(b)(6) motion in a 'reasonable time.'").

Relief under Rule 60(b)(6) cannot be given for one of the grounds enumerated in Rules 60(b)(1)-(5). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Further, if relief could have been

---

[12] Under this rationale, Debtor likely would be deemed to have received the fee application itself (and the Rule 2014 statement), because Counsel received the documents.

obtained under Rule 60(b)(1)-(5) had the motion been filed within a year, it will not be available under Rule 60(b)(6) if filed after more than a year. *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1088-89 (9th Cir. 2001); *Brandon v. Chicago Bd. of Education,* 143 F.3d 293, 295-96 (7th Cir. 1998).

Relief under Rule 60(b)(6) "is extraordinary and may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted). Judge James O. Browning recently discussed Rule 60(b)(6)'s "extraordinary" or "exceptional circumstances" standard:

> The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.' *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. at 863. Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief. . . .
>
> Examples where courts apply rule 60(b)(6) include "settlement agreements when one party fails to comply" and courts use the rule "to return the parties to the status quo," or in cases where fraud is used by a "party's own counsel, by a codefendant, or by a third-party witness," which does not fit within rule 60(b)(3)'s provision for fraud by an adverse party. Wright & Miller, *supra*, § 2864, at 485, 487. The most common application is to grant relief "when the losing party fails to receive notice of the entry of judgment in time to file an appeal." Wright & Miller, *supra*, § 2864, at 488.

*Dogs Deserve Better, Inc. v. New Mexico Dogs Deserve Better, Inc.*, 2016 WL 6396392, at *20-21 (D.N.M. 2016).

Denial of a Rule 60(b)(6) motion will be reversed only if the appellate court finds a complete absence of a reasonable basis and is certain that the decision is wrong. *Davis,* 507 F.3d at 1248, quoting *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1293 (10th Cir. 2005).

    1.    <u>Reasonable Time</u>. Debtor filed its motion almost two years after entry of the fee order. Debtor was on notice of Counsel's fee application, and received at least 12 fee bills (sent after the fee order was entered) that included the $18,382 now in dispute. The Court concludes that

Debtor's motion for Rule 60(b)(6) relief was not filed within a reasonable time.

2. <u>Extraordinary Circumstances</u>. The Court also cannot find that extraordinary circumstances exist of the kind required to grant relief under Rule 60(b)(6). The gravamen of Debtor's complaint is that Counsel did not adequately discuss with Debtor the fee application process. Debtor alleges:

> [Counsel] failed to advise Aquatic Pools of: (1) [Counsel's] adverse personal interest in fees; (2) the legal significance of the Fee Application, objection period, and/or Final Fee Order; (3) grounds for objecting to Davis Firm's fees; (4) Aquatic Pool's right to appeal the Final Fee Order; (5) any bases for setting aside the Final Fee Order on Rule 60(b)(1)-(3) within one year of entry of the Final Fee Order; and/or (6) Aquatic Pools' right to seek independent counsel in all fee-related matters.

Debtor argues that Counsel's actions amounted to "gross negligence" and "attorney abandonment."

Despite the stridency of Debtor's allegations, the dispute relates to the $18,382 owed to Counsel from the first bankruptcy case.[13] While Debtor argues that Counsel should have advised it to retain independent "fee" counsel, that does not seem like a realistic alternative in a case of this size. Such fee counsel would have to have been retained under § 327, and would have to have filed its own fee application. Further, wouldn't the fee counsel also have to advise Debtor to hire additional counsel to review its fees, and on *ad infinitum*?

Similarly, the Court also believes it is unrealistic to expect bankruptcy counsel to give exhaustive, dispassionate advice about whether and how to object to its fee applications. Such selfless behavior is admirable and should be encouraged, but perhaps not insisted upon.

In general, Counsel appears to have achieved a good result for Debtor. This bankruptcy

---

[13] Debtor asserts that "With adequate, disinterested representation, Aquatic Pools would have objected to the reasonableness of Davis Firm's fee and asserted a viable counterclaim for malpractice stemming from David Firm's representation in the First Bankruptcy."

case involved a number of disputes with taxing authorities, former employees, and other creditors. From what the Court can tell, the reorganization was a success. The only dispute between the parties is the $18,382 owed from the first case. That amount of money is not insignificant, but the disagreement should not be exaggerated.

The Court concludes that Counsel's conduct did not amount to "gross negligence" or "attorney abandonment." The Court also concludes that no extraordinary circumstances exist warranting relief under Rule 60(b)(6).

C.     Preclusive Effect of the Fee Order.

An important reason this matter is before the Court is Debtor's concern that unless the fee order is set aside, Debtor may be barred from complaining about Counsel's insurance advice in the first bankruptcy case. The concern is prompted by the New Mexico Supreme Court case of *Potter v. Pierce*, 342 P.3d. 54 (N.M. 2015). In *Potter*, former counsel for a chapter 11 debtor filed a fee application. Debtor filed a *pro se* objection alleging malpractice, and the matter went to a final evidentiary hearing. The bankruptcy court approved the fee application in large part. Later, the debtor brought a malpractice claim against its former counsel. The former counsel asserted, among other defenses, that the claim was precluded by the bankruptcy court's order approving fees. The New Mexico Supreme Court agreed. After discussing the general principles of res judicata, the court reviewed cases holding that "a claim for attorney fees can have a res judicata effect on a later claim for malpractice." 324 P.3d at 58. The court then stated:

> We hold here that this reasoning extends to claims of malpractice after a bankruptcy fee proceeding concerning the same legal services. Petitioner's two claims are rooted in a common nucleus of operative facts. The claim for legal malpractice concerns the same service period and alleged deficiencies in the same legal services that were the subject of the bankruptcy fee proceeding. Petitioner's claims would have formed a convenient trial unit because the bankruptcy court is already required to consider the quality of these services in determining the appropriate fees and has procedures available to hear objections and institute an adversarial proceeding if

necessary.

342 P.3d at 58. The court cautioned, however, that:

> res judicata does not bar a subsequent action unless the plaintiff could and should have brought the claim in the former proceeding. *In re Intelogic Trace, Inc.,* 200 F.3d at 388; *see also Bank of Santa Fe v. Marcy Plaza Assocs.,* 2002–NMCA–014, ¶¶ 24–27, 131 N.M. 537, 40 P.3d 442 (discussing in consideration of res judicata whether a party was aware at a prior proceeding of its claim of 2 overpayments). "Res judicata is a judicial creation ultimately intended to serve the interests of justice." *Kirby,* 2010–NMSC–014, ¶ 65, 148 N.M. 106, 231 P.3d 87 (italics omitted). "[A] party's full and fair opportunity to litigate is the essence of res judicata." *Brooks Trucking Co. v. Bull Rogers, Inc.,* 2006–NMCA–025, ¶ 11, 139 N.M. 99, 128 P.3d 1076.

342 P.3d at 59.

Here, unlike in *Potter*, Debtor did not object to Counsel's fee application, and could not have done so *pro se*.[14] Further, Debtor apparently was not aware Counsel intended to seek allowance of the $18,382 as an administrative expense in this case. Given the difficulties Debtor faced in dealing with Counsel's unusual fee request, it would not be fair to find that Debtor "could and should have" raised the insurance dispute in an objection to Counsel's fee application.

As discussed above, it may be unrealistic to expect Counsel to have given Debtor comprehensive advice about how to object to Counsel's fee application, hire independent "fee" counsel, etc. Because such advice was not given, however, Debtor should not be required to act as though it had received the advice. Further, while the fee application notice was adequate, it was not sufficiently clear and obvious to have obligated Debtor to raise the insurance dispute upon receipt.

There are cases, as shown by *Potter*, when res judicata does and should apply to the fee objection process in bankruptcy cases. This is not one of them.

---

[14] Because Debtor is a corporation, it could not take any action in the case except through counsel. *See* NM LBR 1074-1.

III. CONCLUSION

The Court concludes that its fee order should not be set aside under either Rule 60(b)(4) or (6). The Court also concludes, however, that, res judicata principles do not preclude Debtor from raising the insurance dispute by separate action. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: June 14, 2018

Copies to: Counsel of record